UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESSE KENT, Individually and on Behalf
of All Others Similarly Situated, and
Derivatively on Behalf of ROADRUNNER
TRANSPORTATION SYSTEMS, INC.,

    Plaintiffs,

v.                                           Case No. 17-cv-893-pp

CURTIS STOELTING, *et al.*,

    Defendants.

    and

ROADRUNNER TRANSPORTATION SYSTEMS, INC.,
a Delaware corporation,

    Nominal Defendant.

CHESTER COUNTY EMPLOYEES
RETIREMENT FUND, Individually and on
Behalf of All Others Similarly Situated, and
Derivatively on Behalf of ROADRUNNER
TRANSPORTATION SYSTEMS, INC.,

    Plaintiffs,

v.                                           Case No. 17-cv-1788-PP

CURTIS W. STOELTING, *et al.*,

    Defendants.

    and

ROADRUNNER TRANSPORTATION SYSTEMS, INC.,
a Delaware corporation,

    Nominal Defendant.

**ORDER CONSTRUING AMENDED STIPULATION AS JOINT MOTION FOR CONSOLIDATION OF CASES (DKT. NO. 22), GRANTING THAT MOTION, SETTING DEADLINE FOR PLAINTIFFS TO FILE CONSOLIDATED COMPLAINT, CONSTRUING AMENDED STIPULATION AS THE DEFENDANTS' MOTION TO WITHDRAW THE TWO PENDING MOTIONS TO DISMISS IN *KENT*, AND GRANTING THAT MOTION**

**I.    Background**

On June 28, 2017, plaintiff Jesse Kent filed a class and derivative action against the named defendants, alleging four causes of action: (1) violation of

Section 14(a) of the Exchange Act; (2) breach of fiduciary duty; (3) waste of corporate assets; and (4) unjust enrichment. The plaintiff also asked the court to compel an annual meeting of stockholders. Kent v. Stoelting, *et al.* Case No. 17-cv-893, Dkt. No. 1. The court approved a stipulation between the parties, extending the defendants' time to respond to the complaint. Dkt. No. 9. The defendants then filed two motions to dismiss—one on behalf of defendants John G. Kennedy, Brian C. Murray and William S. Urkiel, dkt. no. 11, and one on behalf of the remaining defendants, dkt. no. 13.

The court granted several extensions of the briefing deadlines for those motions, and on the due date for the defendants' reply briefs—January 22, 2018—the parties filed a "Stipulation RE: (1) Consolidation of Actions; (2) Establishing a Briefing Schedule; and (3) Accepting Service." Dkt. No. 21. The stipulation revealed that there was another case pending before the court, Chester County Employees Retirement Fund v. Stoelting, *et al.*, Case No. 17-cv-1788, that had been filed on December 22, 2017. In the Chester County case, plaintiff "Chester County Employees Retirement Fund" had alleged four grounds for relief: (1) violations of §14(a) of the Exchange Act; (2) breach of fiduciary duty; (3) waste of corporate assets; and (4) unjust enrichment. Chester County, Case No. 17-1788, dkt. no. 1. The Chester County case named the same defendants as had Kent.

The parties filed an amended stipulation on February 23, 2018, Kent, dkt. no. 22; while the original stipulation provided that the defendants did not have to respond to the complaints (in Kent, dkt. no. 21 at ¶3), the amended stipulation stated that the defendants "withdrew" their motion to dismiss the

2

Kent complaint, and provided that the defendants did not have to respond to the Chester County complaint, Kent, dkt. no. 22 at ¶3. The amended stipulation states, however, that the withdrawal of the pending motion to dismiss in Kent "is premised on the filing of a consolidated complaint as contemplated in Section II of this Amended Stipulation," and that the defendants "reserve the right to renew that motion if no superseding consolidated complaint is filed." Id. at n.1.

The amended stipulation contains the following assertion:

> "WHEREAS, *Kent* and *Chester County Employees Retirement Fund* each assert breach of fiduciary duty and federal securities laws claims on behalf of Roadrunner against certain of its current and former officers and directors that include allegations arising from the same or substantially similar facts, occurrences and transactions;
>
> WHEREAS, the parties have met and conferred and agree that the *Kent* action and *Chester County Employees Retirement Fund* action should be consolidated under Fed. R. Civ. P. 42(a), and that consolidation of the *Kent* and *Chester County Employees Retirement Fund* actions will promote judicial economy and preserve both public and private resources (hereinafter referred to as the "Consolidated Action") . . . .

Kent, Dkt. No. 22 at 3. The amended stipulation announces that "the following actions are hereby consolidated before the Honorable Pamela Pepper for all purposes, including pretrial proceedings and trial . . . ." Id.

The amended stipulation also says that the parties have agreed to a schedule in which the plaintiffs will file a consolidated complaint by March 21, 2018; the defendants will answer or otherwise respond no later than forty-five days from that date; the plaintiffs then will have forty-five days to respond; and the defendants will have thirty days after the plaintiff files a response to reply.

3

Id. at 5. Finally, the amended stipulation states that the defendants "accept service of any papers or documents filed or served by Plaintiffs in the *Chester County Employees Retirement Fund* action." Id.

**II.     Discussion**

The parties titled their filings "stipulations;" they say they have "met and conferred and agree" that the cases should be consolidated under Federal Rule of Civil Procedure 42(a).

Rather than filing a stipulation, the parties should have filed a joint motion for consolidation under Rule 42(a). There are two reasons the parties should have followed this procedure. First, a "stipulation" is an agreement between *the parties*. It is not a request for the court to take any action. If a party wants the court to take action, the way to request that action is by filing a *motion*. A motion asks the court to take some action. When parties file a motion, the court's electronic docketing system tags that motion as something that needs the court's response. The system does not tag a stipulation as something needing the court's response.

Second, Rule 42(a) allows *the court* to consolidate cases; it does not give *the parties* the authority to consolidate cases. The Seventh Circuit repeatedly has stated that the decision to consolidate cases is a matter of discretion for the district court. See King v. General Elec. Co., 960 F.2d 617 (7th Cir. 1991); Star Ins. Co. v. Risk Mktg. Grp. Inc., 561 F.3d 656 (7th Cir. 2009);  Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co., 671 F.3d 635, 640 (7th Cir. 2011).

Because the parties cannot consolidate cases by agreement, the court will construe the stipulation as an agreed motion to consolidate under Rule 42(a).

A. Consolidation

Rule 42(a) provides that

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> > (2) consolidate the actions; or
> > (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). If the court finds that common questions of law or fact predominate, "cases should be consolidated if consolidation will streamline the litigation without causing the parties undue prejudice." Habitat Educ. Ctr., Inc. v. Kimbell, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (citing Fleishman v. Prudential-Bache Sec., Inc., 103 F.R.D. 623, 624-25 (E.D. Wis. 1984) and 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (3d ed.2008)). Courts look to factors favoring consolidation—such as judicial economy, avoiding delay and avoiding inconsistent or conflicting results—as well as factors cautioning against consolidation—such as juror confusion and administrative difficulties. Id.

In comparing the complaint in Kent (case no. 17-cv-893) with the complaint in Chester County (case no. 17-cv-1788), one can see that the two are quite similar; the two complaints contain many of the same factual allegations—some paragraphs only differ by several words—and they state the

5

same four causes of action. They name the same officers/directors as defendants. They go so far as to bold the same sentences of an allegation. Kent, Dkt. No. 1 at 20, ¶61; Chester County, Dkt. No. 1 at 24, ¶55. For purposes of the Rule 42(a) analysis, the court finds that the two cases involve common questions of law or fact.

It also appears that consolidation will promote judicial economy. Both cases currently are before the same judge, and neither has progressed to a Rule 16 status conference. The amended motion to consolidate effectively requests a "restart" date of March 21, 2018—by which the plaintiffs would file a consolidated complaint—and sets deadlines that the parties have agreed will govern the responsive pleadings. Using the same set of deadlines should avoid delay; given that the cases involve the same defendants, consolidation should avoid inconsistent results. Because the causes of action are the same, there seems little risk of jury confusion.

The court finds that the factors weigh in favor of granting the joint motion to consolidate. Because the court is issuing this order on the date the parties agreed that the plaintiffs would file their joint complaint, the court will extend that deadline by one week, and give the plaintiffs a deadline of March 28, 2018 by which to file a consolidated complaint.

B. Withdrawal of Motions to Dismiss in *Kent*

The amended stipulation says that the defendants "hereby withdraw their pending motion to dismiss the *Kent* Complaint." Kent, Dkt. No. 22 at ¶3. The court is willing to construe this as a motion to withdraw, but notes that while the stipulation refers to a singular "motion," there are *two* motions to

dismiss pending in Kent. The court will assume (while understanding the risks of doing so) that the defendants intended to ask the court to allow them to withdraw both motions to dismiss in Kent. The court will grant that motion without prejudice, subject to the defendants' right to renew their motions after consolidation if they feel it appropriate.

**III.    Conclusion**

The court **CONSTRUES** the parties' amended stipulation as a joint motion to consolidate under Fed. R. Civ. P. 42(a), and **GRANTS** that motion. Dkt. No. 22.

The court **ORDERS** that Kent v. Stoelting *et al.*, Case Number 17-cv-893-pp and Chester County Employees Retirement Fund v. Stoelting, *et al.*, 17-cv-1788-pp are **CONSOLIDATED** for all purposes, including pretrial proceedings and trial. The court **ORDERS** that under Civil L.R. 42(b), the consolidated cases shall proceed under the lowest case number—17-cv-893-pp. The court **ORDERS** that from this date forward, the parties shall file all pleadings, motions and other documents in case number 17-cv-893-pp and that the parties shall not file any documents in case number 17-cv-1788.

The court **ORDERS** that the plaintiffs shall file a consolidated complaint by the end of the day on **March 28, 2018**. The defendants shall file an answer or other responsive pleading to the consolidated complaint no later than 45 days after the plaintiffs file their consolidated complaint. The plaintiffs shall file their response, if any, no later than 45 days after the defendants file their responsive pleading to the consolidated complaint. The defendants shall file their reply, if any, no later than 30 days after the plaintiffs' response.

The court **CONSTRUES** the amended stipulation as the defendants' motion to withdraw the motions to dismiss filed in <u>Kent</u> at Dkt. Nos. 11 and 13. The court **GRANTS** that motion.

Dated in Milwaukee, Wisconsin this 21st day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**